IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAULA ZELESNIK,                      Case No. 1:18 CV 2360

               Petitioner,        <u>MEMORANDUM OF OPINION</u>
      -vs-                          <u>AND ORDER</u>

BILL LAVERTY, et al.,               JUDGE DAN AARON POLSTER

              Defendants.

*Pro se* Plaintiff Paula Zelesnik filed this civil action against multiple Defendants, including Bill and Calle Laverty, Bob Casey (Heekin), Case Jeannie (Heekin), Mitch and Jamie Jacobs, Mike and Mimi Drees, Cot Jerry Steinman, Patty Rudnecki, Pamela Orr, General Electric Co. + Aircraft Engines, GEAE, John Rice, Jeff Immelt, Rich Jendrix, Lisa and Bruce Busbey, Gina and Kurt Edgecomb, Dr. Lisa Young, and General Electric Co. (Doc. 1.) Plaintiff moves to proceed *in forma pauperis* (Doc. 2); that motion is granted.

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Plaintiff's complaint must be dismissed as it asserts no plausible claim for relief. Aside from listing the many Defendants, it states only: "1999 (April) rape by Steve Melton followed immediately ([about] 3 – 6 months) by forced abortion and attempted murder[.] . . . Relief: $1,000.000,000,000[.]" (Doc. 1 at 1.) This fails to meet basic pleading standards; it provides little to no factual basis for the claims, including which Defendant was involved in the alleged misconduct, and no recognizable civil cause of action. *See Lillard v. Shelby Cty. Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am.,* 92 Fed. Appx. 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded pro se pleadings).

Accordingly, Plaintiff's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

2

IT IS SO ORDERED.

October 16, 2018

                                               **_s/Dan Aaron Polster_**
                                               DAN AARON POLSTER
                                               U.S. DISTRICT JUDGE